**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROOF MAXX TECHNOLOGIES, LLC<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

1. Chet Michael Wilson ("Plaintiff") brings this class action against Roof Maxx Technologies, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c) by making telemarketing calls to residents that have placed themselves on the National Do Not Call Registry, without prior express consent.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

5. Defendant directed unsolicited telemarketing calls to Plaintiff's cellular telephone from this district.

**Parties**

6. Plaintiff is a natural person.

7. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant is an LLC with its principal place of business in this District.

9. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

**Factual Allegations**

10. Plaintiff is, and has been for at least five years, the subscriber to and customary user of his cellular telephone number—(541) XXX-9999.

11. Defendant began placing calls and sending text messages to Plaintiff's telephone number on January 29, 2025.

12. Defendant, using telephone number (916) 775-8090, placed at least nine (9) calls to Plaintiff's number between January 29, 2025, and February 20, 2025.

13. Defendant also sent at least twelve (12) unsolicited text messages to Plaintiff between February 1, 2025, and July 24, 2025.

14. The text messages Defendant sent to Plaintiff included repeated variations of: "Hi Greg, this is [Name] with Roof Maxx. I was just about to call you. I'll be calling from this number. Talk to you soon!"

15. Some of the subject text messages are provided below:




16. Defendant sent promotional links, including a YouTube video about roofing and a marketing guide for picking shingles, encouraging Plaintiff to schedule a consultation.

17. On January 29, 2025, Defendant placed three calls to Plaintiff's number. Plaintiff answered one of the calls and informed Defendant that he was not interested in Defendant's services.

18. Despite Plaintiff clearly indicating disinterest, Defendant continued to place calls to Plaintiff on January 30, January 31, February 1, February 4, and February 5, 2025.

19. On February 8, 2025, Defendant placed at least one additional call to Plaintiff's number, which Plaintiff rejected. Plaintiff then called Defendant back and explicitly requested that Defendant cease calling him.

20. Nevertheless, on February 9, 2025, Defendant placed two additional calls to Plaintiff's number. Plaintiff answered the first call and reiterated that he would call Defendant back if interested. Defendant placed a second call later that same day.

21. On February 20, 2025, Defendant left a voicemail for Plaintiff after initiating an unsolicited call.

22. All of the calls were similarly advertising RooxMax's shingle and roofing services.

23. Plaintiff did not provide consent to receive telemarketing calls or text messages from Defendant.

24. Plaintiff did not have any prior relationship, account, or inquiry with Defendant that would justify such communications.

25. Plaintiff expressly requested that Defendant cease further contact, yet Defendant continued to send marketing text messages and place phone calls.

26. Defendant's conduct was persistent, intrusive, and continued for nearly six months after Plaintiff's explicit request to stop.

27. Defendant placed the subject calls and sent the subject text messages to Plaintiff voluntarily and under its own free will.

28. Plaintiff listened to the voice messages Defendant delivered to his cellular telephone.

29. Plaintiff suffered actual harm as a result Defendant's subject calls, in connection with the calls, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

**Class Action Allegations**

30. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> **National DNC Class:** All persons throughout the United States (1) who did not provide their telephone number to Roof Maxx Technologies, LLC, (2) to whom Roof Maxx Technologies, LLC delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Roof Maxx

Technologies, LLC goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Roof Maxx Technologies, LLC delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

31. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

32. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

33. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

34. The members of the class are ascertainable because they are defined by reference to objective criteria.

35. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

36. Plaintiff's claims are typical of the claims of the members of the class.

37. In addition, like all members of the class, Plaintiff did not have an account in collections with Defendant.

38. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

39. Plaintiff's claims are based on the same theories as the claims of the members of the class.

40. Plaintiff suffered the same injuries as the members of the class.

41. Plaintiff will fairly and adequately protect the interests of the members of the class.

42. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

43. Plaintiff will vigorously pursue the claims of the members of the class.

44. Plaintiff has retained counsel experienced and competent in class action litigation.

45. Plaintiff's counsel will vigorously pursue this matter.

46. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

47. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

48. Issues of law and fact common to all members of the class include:

a. Defendant's violations of the TCPA;

b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers; and

c. The availability of statutory penalties.

49. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

50. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

51. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

52. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

53. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

54. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

55. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

56. There will be little difficulty in the management of this action as a class action.

57. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 47 U.S.C. 227 (c)**

58. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-61.

59. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

61. The Defendant's violations were negligent, willful, or knowing.

62. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

63. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**Prayer for Relief**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: August 6, 2025

PLAINTIFF, on behalf of himself
and others similarly situated,

*<u>/s/ Brian T. Giles</u>*
Brian T. Giles (0072806)
GILES & HARPER, LLC
7247 Beechmont Ave.
Cincinnati, Ohio 45230
Telephone: (513) 379-2715
bgiles@gilesharper.com

Anthony I. Paronich, *subject to pro hac vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com